## National Council of the Knights and Ladies of Security v. Dean.

(Decided January 24, 1919.)

### Appeal from Hickman Circuit Court.

Insurance—Application for Life Insurance—Evidence.—Evidence that a girl about grown lived in the home with her mother during the time that her mother's menstrual periods ceased, and while her mother was ill and died of pulmonary tuberculosis, is some evidence that the daughter knew the statement she made in an application for life insurance that her mother died of "change of life" was not true.

J. S. VIA for appellants.

BENNETT, ROBBINS & ROBBINS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant is a fraternal insurance society with a local council at Clinton, Kentucky, of which Susie E. Dean when she died on July 23, 1916, was a member in good standing and to whom appellant had issued, upon her written application therefor, a benefit certificate for $1,000.00, payable to her father, the appellee, upon her death. Appellant having refused to pay to appellee the amount of the policy after receipt of proof of her death, he filed this action to enforce the payment.

Appellant as a defense alleged that in her written application the deceased falsely and fraudulently represented that her mother had died of "change of life" when as a matter of fact she died of pulmonary tuberculosis, and that a false representation about her family history rendered the policy void under the provisions of the society's by-laws, made a part of the insurance certificate.

The plaintiff denied that the statement made was false or fraudulent or material, and upon a trial of this sole issue the court at the conclusion of all the evidence directed a verdict for the plaintiff, and the defendant has appealed from the judgment entered thereon.

It was shown without contradiction that the insured's mother died of tuberculosis, and hence the court erred in directing a verdict in plaintiff's favor, if there was any evidence that the statement complained of was either fraudulently made or material. See section 639, Kentucky Statutes.

Defendant proved by Dr. Fred Beeler, that he treated the mother of Susie E. Dean for tuberculosis "a good many years before she died;" that Susie E. Dean was at the time and until her mother's death, living in the same home with her; that Susie was then a good sized girl. nearly grown, and when asked "if the entire family, including Susie, did not know that Sarah Dean (her mother) had consumption while you were treating her," answered "I said the family knew it. I never did talk to the girl, I don't think. I don't know whether the girl knew or not —I should think she would have." This witness further testified that Mrs. Dean had "passed through with the period of the change of life" some time before her death, and after Susie was about grown. It is shown by other witnesses that Mrs. Dean had been afflicted with tuberculosis for a long time, during which time the family consisted of the father, mother and Susie. This is certainly some evidence, though circumstantial, that the insured knew her mother died of tuberculosis, and not from the cause stated in her application, and that the false statement was knowingly and therefore fraudulently made, because it would be quite unusual and out of the ordinary if a grown daughter could live in the same home with her mother and not know that for years she was suffering and finally died from pulmonary tuberculosis, a disease most any person can usually detect almost at

sight of one afflicted with it, and also be ignorant of the fact her mother's menstrual periods had ceased.

This conclusion renders unnecessary a consideration of the materiality of the false statement.

Wherefore, the judgment is reversed, and the cause remanded for another trial consistent herewith.