## Security Life Insurance Co. of America v. Black, Jr.'s Administrator.

### (Decided December 14, 1920.)

### Appeal from Ohio Circuit Court.

1. Insurance—Misrepresentation in Application.—Under section 639, Kentucky Statutes, a material misrepresentation made in an application for a life insurance policy will prevent a recovery upon it, although the misrepresentation was innocently made, and in the belief of its truth.

2. Insurance—Misrepresentation in Application.—A misrepresentation is where one states as a fact, that which he knows is not a fact, with the intention to deceive; or states that as a fact, which he does not know to be true, and which has a tendency to mislead.

3. Insurance—Misrepresentation.—A material misrepresentation is as effective in defeating an insurance contract, as a breach of a warranty.

J. S. GLENN for appellant.

HEAVRIN & MARTIN for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The decedent, Frank Black, made application to the appellant, Security Life Ins. Co. of America, to secure a policy insuring his life in the sum of $1,000.00. The policy was issued and the insured thereafter died, and the appellant refusing to pay the amount of the insurance to the administrator of the insured, this action was instituted for its recovery and resulted in a verdict of the jury and judgment of the court in favor of the administrator. A motion for a new trial having been overruled, the insurance company has appealed.

The application consisted of two parts, one of which was a formal application containing answers to questions propounded, and the other the examination of the

applicant by the medical examiner, and containing the questions and answers propounded and answered in that examination and both were made a portion of the policy contract, and in consideration of which the policy was issued. The first part of the application contained the following stipulation: "It is hereby agreed that all the statements made herein and any amendments or supplements hereto, and also those I made to the company's medical examiner which are hereby made a part of this application, are full, complete and true, and shall in the absence of fraud be deemed representations and not warranties, and are offered to the company as a consideration for the policy applied for, . . ."

The following questions were asked by the medical examiner, and the following answers were made by the insured:

"State all the ailments, diseases or disorders with which you are now afflicted? None.

Have you ever had any of the following diseases or conditions: Spitting of blood? No.

Have you been associated during the last year with a person who has had consumption? No.

Been living in a house recently occupied by such a person? No.

| Family History | Age If Living | Condition of Health | Age at Death | Date of Death | Cause of death | How long ill? | Previous health |
|---|---|---|---|---|---|---|---|
| Father | | Good (If not explain) | 42 | 1917 | Pneumonia | 5 days | Fairly good |
| Mother | | | 36 | 1914 | Don't know | 6 days | Fairly good |

Have any members of your family, including uncles and aunts had consumption? No."

The above was followed by the following stipulation: "It is hereby agreed: That the foregoing statements and answers made to the company's medical examiner, are full, complete and true, and shall in the absence of fraud, be deemed representations and not warranties, and are offered to the company as a consideration of the contract and to complete the application for insurance heretofore made." The foregoing medical examination and stipulation were subscribed by the insured as well as the first part of the application.

The policy contained a statement that it was issued in consideration of the application which was made a

part of it and contained the following covenant: "All statements made by the insured shall in the absence of fraud be deemed representations and not warranties, and no such statement shall void this policy, unless it is contained in the application therefor."

The insurance company by its answer denied any liability upon the policy, and alleged that the foregoing answers made by the insured in his application were untrue, and that the information sought by the questions to which the answers were made were matters material to the risk assumed in insuring the life of the decedent, and that it, in entering into the insurance contract relied upon the truth of the answers, and would not have made the contract if it had known the true facts; that the insured had in fact been, before making the answers, afflicted with the condition of spitting of blood, caused by a hemorrhage of the lungs, and thereafter died from tuberculosis; that his father and mother were, both, for many years previous to their deaths, afflicted with consumption; that the insured had associated recently with his father, and resided in the same house with him during the year preceding the making of the application, and that both the father and mother of decedent had died from consumption. These averménts were denied by reply.

There was an entire lack of evidence, which tended to prove, that the statements of the insured, with reference to his previous health, or spitting of blood, or the ages of his father and mother at the time of their respective deaths, or the cause of his father's death, or his want of knowledge of the cause of the death of his mother, or the duration of the sickness, which caused their respective deaths, were not substantially true, but, with reference to his statements that during the last year he had not been associated with a person, who had consumption, and had not been living in a house recently occupied by a consumptive, and that no member of his family had had consumption, and that the health of his parents was fairly good, previous to the sickness from which they died, the evidence as to whether or not such statements were substantially untrue, was contradictory. There was evidence, which conduced to prove, that his parents were afflicted with the form of tuberculosis, ordinarily called consumption, for a period of years previous to their respective deaths, and that he had during the year, in which the application was made, asso-

ciated with his father, by living in the same dwelling house with him, and had been residing in the same house for some years which his father at the same time had occupied, and until the death of the father about one month before the application. The evidence was such as required the issue as to the substantial truth of the statements of the insured, upon these subjects, to be submitted under proper instructions to the jury. The court in submitting to the jury, the issue, as to the substantial untruth of the representations made by the insured, in his application for the policy, and in defining a material and untrue representation, such as would void the policy, did it in the following language:

"Now if you believe from the evidence, that all or any one of said answers were substantially untrue to the best of the knowledge and belief of the applicant, Frank Black, Jr., and, if you further believe from the evidence, that according to the course of business usually followed by insurance companies, engaged in insuring the lives of persons, the defendant acting reasonably and naturally, would not have accepted such application, nor have issued the policy sued on, if the truth, to the best of the knowledge and belief of the said applicant, had been stated in the application, then you will find for the defendant." It will be observed, that by the instruction, the question as to whether or not the representations were, in fact, true, was not submitted to the jury, but, the issue submitted was the good faith and belief of the insured as to the truth of the representations, and the definition of such a material, and untrue representation as would avoid the payment of the policy was not an untrue representation, in fact, but, such a one as the insured in good faith believed to be untrue from his knowledge and belief as to the facts. There is at once apparent a wide difference between the existence of a fact, in truth, and the belief of one that such fact exists, as his belief may be founded upon a want of information, and one may not know or believe that a statement of a fact made is untrue, because he may know nothing upon the subject. In several jurisdictions, there exist statute laws, which provide, in substance, that representations made by an applicant for life insurance, though in fact untrue, will not void the policy, unless the representations were made in bad faith, with the purpose to deceive, or the concealment of some fact, which good faith required him to divulge; in other jurisdictions it is held

that representations and even warranties of the truth of statements made in applications for life insurance are only warranties of the good faith of the applicant, when he makes answers concerning matters, about which he does not have or is not presumed to have personal knowledge, or concerning statements, as to facts, which exist only in opinion. Many cases have turned upon the construction of the insurance contract, where from its terms, it is apparent that the parties have contracted only for the honesty and good faith of the applicant in making representations. In other jurisdictions, the insured in making representations is held only to his belief in their truth, and no representation is allowed to defeat an insurance contract, unless the representation amounts to an actual or a legal fraud. In other jurisdictions, it is held, that a representation, which is material to the risk, and untrue, will defeat the policy, regardless of the good faith of the insured. The result of these statutes and divergent views, has produced more or less conflict between the decisions in the different jurisdictions, both state and federal, and hence recourse must be had, in each jurisdiction to the peculiar statute laws, where any exist upon the subject, and in contemplation of which the insurance contracts are made. In 1874, the general assembly of Kentucky, adopted a statute, which is now section 639, Kentucky Statutes, and which provides as follows: "All statements or descriptions in any application for a policy of insurance shall be deemed and held representations and not warranties, nor shall any misrepresentation, unless material or fraudulent, prevent a recovery on the policy."

Hence statements and descriptions in an application for a policy of insurance which theretofore were held to be warranties, by the force of this statute are made representations, and it is conclusively presumed, that parties, who enter into insurance contracts do so in contemplation of the statute, and agree that the statements and descriptions made by the insured in the application are representations, only. The statute has, also, dispensed with any misrepresentation as a defense to a recovery upon the policy, unless it is a misrepresentation concerning a matter, which is material to the risk assumed by the insurance company, in entering into the contract, or is a misrepresentation made fraudulently. It follows, that a misrepresentation which is either material or fraudulent will void the policy. The statute

does not ordain that the misrepresentation must be both material and fraudulent, to be effective as a defense to recovery upon the policy. Hence, it follows, that if a material misrepresentation is made, though innocently, the good faith and honest belief of the insured, in its truth, will not protect the policy contract from defeat. Such rule has been consistently adhered to in this court, and it was said in Germania Insurance Company against Rudevig, 80 Ky. 235, that the statute, *supra*, was declaratory of the common law prevailing in this jurisdiction, theretofore. M. L. A., etc. v. Robinson, 149 Ky. 80; Blinke v. Citizens' Life Ins. Co., 145 Ky. 332; Western & Southern Life Ins. Co. v. Quinn, 130 Ky. 397; Provident Savings Life Ins. Co. v. Dees, 120 Ky. 285; Provident Savings Life Ins. Co. v. Whayne, 131 Ky. 84; Aetna Life Ins. Co. v. Crabtree, 146 Ky. 371; Brotherhood, etc. v. Swearinger, 161 Ky. 677; Knights of Maccabees, etc. v. Shields, 156 Ky. 270; Ill. Life Ins. Co. v. Delang, 124 Ky. 569; Brisson v. Metropolitan Life Ins. Co., 115 S. W. 785; Supreme Lodge K. of P. v. Bradley, 141 Ky. 334; National Protective Legion v. Allpine, 141 Ky. 777; Union Central Life Ins. Co. v. Lee, 47 S. W. 614; Mutual Life Ins. Co. v. Thompson, 94 Ky. 253; Galbraith's Admr. v. Arlington Life Ins. Co., 12 Bush 40. In the instant case, the parties contracted that the statements of the insured, should be held to be representations and not warranties, unless fraudulently made, and while this agreement, under the statute, did not change the character of the statements from representations to warranties, though fraudulently made, a material misrepresentation, is as effective in voiding a policy of life insurance, as a breach of warranty would do, in the absence of the statute. The insured agreed that the statements were full, complete and true answers to the questions asked, and he represented the subject of the statements, as facts, and hence if the representations were substantially untrue, in fact, and material to the risk, the effect would be the defeat of the policy contract, regardless of the insured having made the statements under the mistaken belief of their truth. Hence, the qualifying words, "to the best of the knowledge and belief of the applicant," nor any phrase of similar meaning, should have been incorporated in the instruction, but, the issue should have been simply, whether or not the answers to the questions were sub-

stantially untrue.   This error was prejudicially errone-
ous to appellant.   No other errors appear in the trial.

The instruction offered by appellee, upon the sub-
ject of appellant, not relying upon the representations
made by the insured in his application, but, of its hav-
ing received and having sought information through
other channels, and therefore was estopped to rely upon
the falsity of the representations, was properly refused,
as the evidence did not conduce to prove, that appellant
knew of the falsity of the representations, when it issued
the policy and accepted the premium, and such evidence
would have been necessary to justify such an instruc-
tion.   Reserve Loan Life Ins. Co. v. Boreing, 157 Ky.
730; Masonic Life Ass'n. v. Robinson, 149 Ky. 80.

The judgment is reversed and cause remanded for
proceedings not inconsistent with this opinion.