## National Council Knights and Ladies of Security v. Dean

(Decided May 24, 1921.)

### Appeal from Hickman Circuit Court.

1. Insurance—A Misrepresentation Which is Either Material or Fraudulent Avoids the Policy.—Under Kentucky Statutes, sec. 639, a misrepresentation in an application for insurance which is either material or fraudulent avoids the policy.

2. Insurance—Action on Policy—Trial—Instructions.—Where an action on an insurance policy was defended on the ground that the insured made in her application a misrepresentation which was both material and fraudulent, an instruction on the question of fraud, which was correct as far as it went, was not erroneous because it failed to present also the defense of materiality, it not being necessary that both defenses be presented in one instruction.

3. Appeal and Error—Omitted Instructions—Presumption.—Where in an action on a policy of insurance defended on the ground that the insured made in her application a misrepresentation that was both material and fraudulent, the defense of fraud was properly presented by the only instruction in the bill of exceptions, and the other instructions were not embraced in the bill or made a part of the record by order of court, it will be presumed that they properly presented the defense that the misrepresentation was material.

4. Appeal and Error—Matter Not Embraced in Grounds for New Trial Not Reviewable.—Where the insufficiency of the evidence to support the verdict is not relied on as grounds for new trial, the matter is not reviewable.

J. D. VIA for appellant.

BENNETT, ROBBINS & BENNETT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

John C. Dean, the beneficiary, brought suit against the National Council of Knights and Ladies of Security, a fraternal insurance company, to recover on a policy insuring the life of his daughter, Susie E. Dean. The company pleaded in substance that Susie E. Dean stated in her application that her mother died of "change of life," when, as a matter of fact, she died of tuberculosis, and that Susie E. Dean knew that the answer was false and made the statement for the fraudulent purpose of deceiving the company and procuring insurance. It further pleaded that if the truth had been known, it would not have issued the policy. On the first trial there was a directed verdict for the plaintiff, but the judgment was reversed on the ground that the evidence of Susie E. Dean's knowledge of the falsity of the statement was sufficient to take the case to the jury. National Council of Knights and Ladies of Security v. Dean, 183 Ky. 43, 207 S. W. 702. On the next trial the case was submitted to a jury which returned a verdict in favor of plaintiff. Defendant appeals.

The only grounds relied on for a new trial were (1) admission of incompetent evidence, (2) rejection of competent evidence, and (3) error in instruction No. 3.

Our attention has not been called to the improper admission or rejection of evidence, and our examination of the record convinces us that the trial was free from error in these respects.

Instruction No. 3 is as follows:

"The court instructs the jury that if you believe that the answer given by the assured, Susie E. Dean, to the question set up in instruction No. 2 was untrue, and was known by her at the time of making of the application, or the receipt of said policy, to be untrue, and was made by her for the purpose of deceiving the defendant, insurance company, and procuring the policy thereby, and the defendant insurance company was deceived into issuing said policy by such untrue statement, which was known by her to be untrue, the law is for the defendant, and the jury should so find."

It is insisted that a representation, if false and material, will defeat the policy, even though the applicant had no knowledge of its falsity, and that the above instruction is erroneous in requiring the jury to believe that the false statement was knowingly made. It is true that our statute provides in effect that a misrepresenta-

tion, which is either material or fraudulent, will avoid a policy. Section 639, Kentucky Statutes; Security Life Insurance Co. of America v. Black, Jr.'s Admr., 190 Ky. 23, 226 S. W. 355. Conceding that the answer presented two defenses, one that the statement was false and material, and the other that it was false and fraudulent, it was not necessary for both defenses to be presented in the same instruction. Instruction No. 3 presented the defense of fraud and was correct as far as it went. The other instructions are not embraced in the bill of exceptions or made a part of the record by order of court, and it will be presumed that they correctly presented the defense that the statement was false and material.

Counsel for the company devotes the greater portion of his brief to a discussion of the facts in an effort to show that the verdict was not correct. It appears, however, that the company did not ask a new trial on the ground that the verdict was not sustained by sufficient evidence, and that being true, the matter is not subject to review. Hartsfield v. Pace, 189 Ky. 93, 224 S. W. 647.

Judgment affirmed.