## Grand Lodge, Brotherhood of Railroad Trainmen v. Nolan.

(Decided October 31, 1922.)

### Appeal from Boyle Circuit Court.

1. Beneficial Associations—Injury Not Included In Certificate.—A member of a railroad brotherhood who carries a certificate of insurance against the following injuries: the total loss of a hand at or above the wrist; the total loss of a foot at or above the ankle, or loss of both eyes, and who has sustained no such injuries but has sustained an injury to his spine which produced a nervous disorder causing his head to shake to and fro, is not entitled to recover on his certificate.

2. Beneficial Associations—Certificate Based on Constitution of Order—Appeal.—Nor can such injured member of the brotherhood compel the payment of benefits under a certificate which is based upon a constitutional provision reading: "All claims for disability not coming within the provisions of section 68 (above) shall be held to be addressed to the sympathetic benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood. Every such claim shall be referred to the beneficiary board . . . who shall prescribe the character and decide as to the sufficiency of the proof to be furnished by the claimant . . . and it is agreed that this section may be pleaded in bar of any suit or action at law or in equity which may be commenced in any court to en-

force the payment of any such claims. No appeal shall be allowed from the action of said board in any case."

3. Beneficial Associations—Benefit Certificate.—A benefit certificate which provides for benevolence in case the board after considering the case shall grant such benevolence, is not a legal claim and cannot be enforced in the courts.

4. Beneficial Associations—False Statement in Application.—A false statement in an application for membership and for insurance is sufficient ground upon which to base the board's rejection of allowance of benevolence to a brother.

5. Beneficial Associations—Beneficiary Board.—The fact that the board directing the benevolence of the society, before it learns all the facts, decides to and does enter an order allowing the benevolence, does not invest the holder of the certificate with a legal right to enforce such benevolence when said order is cancelled and no assessment of the membership has been made to raise the amount.

JOSEPH M. LEE for appellant.

JAY W. HARLAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee Nolan is by this action, instituted in the Boyle circuit court striving to recover of the Grand Lodge, Brotherhood of Railroad Trainmen, a secret and fraternal beneficial society, $2,000.00 on a benefit certificate issued to him as a member of such order. The court below granted the relief sought by Nolan, and the brotherhood appeals.

From an agreed statement of facts we learn on October 10, 1917, appellee Nolan, while employed as switchman in the yards of a railroad company at Richmond, Indiana, and while in the performance of his duties under said employment, was thrown from a freight car and sustained a fracture of the spine, a degree of paralysis agitans, a nervousness which caused his head to waiver to and fro, due to a spinal injury, which injuries do and will prevent him from ever again performing the duties of an employe in the train or yard service; that Nolan was at the time of his injury a member of the Brotherhood of Railroad Trainmen, having been admitted on an application made by him on the 15th of July, 1917; said application was signed by Nolan and addressed to lodge No. 575 and was accepted and Nolan initiated and admitted to said Brotherhood of Railroad Train-

men and a certificate of insurance prepared and delivered to him as aforesaid; that in his application Nolan was asked several questions, among them "Have you ever been a member of the B. of R. B., of B. of R. T. (Brotherhood of Railroad Trainmen)?" to which Nolan made written answer "No;" whereas it is shown and admitted by appellee Nolan that he on the 10th of March, 1911, signed and delivered to the Brotherhood of Railroad Trainmen an application for membership in lodge No. 422, and was accepted and admitted and initiated into said brotherhood, and there was issued to said Nolan a certificate of insurance in class "C," and that on the 11th of March, 1913, the said Nolan was expelled from lodge No. 422 of the brotherhood.

The brotherhood further insists that appellee Nolan is not entitled to have benefits from it under his contract contained in the certificate issued to him because he did not receive the kind of injury against which he was insured. This order is a mutual beneficiary insurance society intended to provide insurance to railroad trainmen who are its members and who are engaged in extra hazardous occupations for which reason they are often unable to obtain insurance in other companies engaged in insurance business. In the constitution and general rules of the Brotherhood of Railroad Trainmen are contained in sections 68, 69, 70 and 71 which read as follows:

"Section 68. Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or upon becoming seventy (70) years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate.

"Section 69. Proofs of total and permanent disability shall be made as follows: The secretary of the lodge of which the brother is a member and the member shall promptly make statements in writing of such disability on the form prescribed and under the seal of the lodge, which statements shall also be signed by the president and treasurer. There shall also be made, signed and sworn to by the attending physician, a statement setting

forth the nature and extent of the injury and all proofs, including the beneficiary certificate of the member, and his receipts for all dues and assessments for the month in which he was injured, shall be forwarded to the general secretary and treasurer, and if the same are found to be regular and satisfactory by him the claim shall be assessed for and paid in its regular order, but if the general secretary and treasurer shall for any reason disallow or reject said claim, it shall be referred to the beneficiary board, who may allow or disallow the claim. If allowed it shall be assessed for and paid in its regular order. If disallowed by the beneficiary board the claimant may appeal to the board of insurance, which may allow or disallow the claim, and its action shall be final. If allowed it shall be assessed for and paid in its order. If the claimant is at a distance from the lodge, the examining physician shall be appointed by the general secretary and treasurer or president of the grand lodge. Any claimant shall be required at the option of the president, and as a condition precedent to the right of recovery upon his certificate, to submit himself to examination by one or more reputable physicians or surgeons to be selected by the president, and the fee of the physician or surgeon making such examination shall be borne by the grand lodge, such examination to be conducted at a place as conveniently situated as possible and at a reasonable distance from the home of the claimant.

"Section 70. All claims for disability not coming within the provisions of section 68 shall be held to be addressed to the systematic benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood. Every such claim shall be referred to the beneficiary board composed of the president, assistant to the president and general secretary and treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said board the claimant, shall be paid an amount equal to the full amount of the certificate held by him and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any suit or action at law or in equity which may be commenced in any court

to enforce the payment of any such claims. No appeal shall be allowed from the action of said board in any case; but the general secretary and treasurer shall report all disapproved claims made under this section to the board of insurance at its next annual meeting for such disposition as such board of insurance shall deem just and proper.

"Section 71. A member desiring to present a claim under section 70 shall petition his lodge in writing upon the form provided by the general secretary and treasurer; said form must be properly executed by the claimant, and a regular practicing physician or surgeon, showing the condition of the brother and the basis of his claim. If approved by the lodge, the secretary shall forthwith forward them with notice of such approval to the general secretary and treasurer, who will at once forward to the lodge necessary blanks and instructions for presenting a claim."

As the certificate under which appellee Nolan claims was issued under section 68, copied above, it is clear that he cannot claim benefits under that section for the reason that he has not suffered the amputation or severance of an entire hand at or above the wrist joint, or the amputation or severance of an entire foot at or above the ankle joint, or suffered the complete and permanent loss of both eyes, and had not become seventy (70) years of age, —he being only in his twenties. He insists, however, that the misrepresentation which he made in his application for membership in lodge 575 to the effect that he had not been a member of the order before when in truth and fact he had, was immaterial and would not have prevented his entering the lodge again nor influenced the membership of lodge 575 to refuse him admission; and that having admitted him he is entitled to benefits under section 70 even though he is debarred from benefits under section 68. We have adopted a rule that where an applicant for insurance, in filling out his application, makes a false statement in answer to one or more of the questions contained in the application, and said false answers are material and the company would not have issued the policy but for the false statement contained in the application signed by the applicant, a recovery by the insured or his beneficiary in his policy will be denied. National Council K. & L. of Security v. Dean, 191 Ky. 622; Security Life Ins. Co. of America v. Black, Jr.,

Admr., 190 Ky. 23; Provident Life Ins. Co. v. Dees, 120 Ky. 285. But if the alleged false statement be not material and was not calculated to and did not in fact influence the company to issue the policy, the policy will be upheld. United States Casualty Co. v. Campbell, 148 Ky. 554; Brison v. Metropolitan Life Ins. Co., 115 S. W. 785; Royal Neighbors of America v. Hayes, 159 Ky. 626.

When we examine section 70 of the fundamental laws of the order we find that it is provided in said section that the claims for disability not coming within the provisions of section 68 shall be held to be addressed to the systematic benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood. It further provides every such claim shall be referred to the beneficiary board and that this board shall prescribe the character and decide as to the sufficiency of the proof to be furnished by the claimant, and if approved by said board the claimant shall be paid the amount equal to the full amount of the certificate held by him and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of the board shall be required as a condition precedent to the right of any such claimant to benefits thereunder; and it is further provided that said section 70 may be pleaded in bar of any suit or action at law or in equity, which may be commenced in any court to enforce the payment of any such claim. From the action of the board under section 70 no appeal will lie or be allowed, but the general secretary and treasurer shall report all disapproved claims made under this section to the board of insurance at the next annual meeting.

Plainly section 70 was designed to give the board an opportunity, in case where the board regards as proper the bestowal of its benevolence upon a holder of a certificate where the injury of which he complains did not come within the provisions of his certificate, to grant such injured persons a sum of money equal to that provided in the certificate. But it was specifically agreed both by appellee, Nolan, and the brotherhood that in cases where the injury was not one insured against as in section 68 and as provided for in the benefit certificate, Nolan, if injured, was not to have the right to enforce the payment of benefits under section 70 of the constitution, as a member of the organization. It is said, however, by

appellee Nolan that after his injury he presented proofs
showing that his spine was fractured and that he was
suffering from a terrible nervous disorder; but it is evi-
dent from a reading of sections 68 and 70 that none of
these injuries come within the terms of his benefit certi-
ficate, and that after the submission of his claim the
board, created by section 70, rejected his claim under sec-
tion 68 but allowed the same under its systematic bene-
volence provided for in section 70, and later on learning
for a certainty that appellee, Nolan, had falsely stated
in his application that he had never been a member of
the order before joining lodge 575, revoked and set aside
its order granting him benevolence, and failed to and
has not since said time recognized his right to benevo-
lence nor paid any part of the $2,000.00 allowance made.
Before the brotherhood could pay an allowance under its
systematic benevolence it was necessary for the board
to make a levy on or an assessment of all members of
the brotherhood and in that manner raise the amount to
be paid as a benevolence. Therefore every member of
the order was deeply interested in the allowance or dis-
allowance of benevolent claims. While it is admitted
that the board, under section 70 of the constitution,
entered an order allowing appellee $2,000.00 under its
systematic benevolence, no levy was made or collected
from the membership of the order to make such payment,
the allowance being revoked before the collection could
be made.

As Nolan was not entitled to benefits under his certi-
ficate because he did not receive an injury such as that
certificate insured him against but received other serious
injuries, and as both he and the brotherhood agreed in
writing that he should not have benefits under systematic
benevolence provided for in section 70, except the board
operating under that section should grant the same, we
are unable to see under what by-laws or section of the
constitution of the order appellee, Nolan, can hope to
recover, for as the board operating and having control
of the systematic benevolence withdrew and cancelled its
order allowing appellee, Nolan, benefits under its sys-
tematic benevolence before the same had been paid to
him, no enforceable legal or equitable right had attached
in his favor. The courts generally hold that where men
organize themselves into a fraternal association, such
as the one under consideration, they may, by adopting a

constitution and by-laws, provide reasonable rules and regulations for settling their own disputes and for granting or refusing benefits, and to this end establish their own tribunals of original, intermediate and appellate jurisdiction.   It was held by this court in the case of Brotherhood of R. R. Trainmen v. Swearingen, 161 Ky. 665: ''It will be conceded that where men organize themselves into a fraternal association, such as the one under consideration, they may, by adopting a constitution and by-laws, provide reasonable rules and regulations for settling their own disputes and for the granting or refusing of benefits, and to this end establish their own tribunals of original, intermediate and appellate jurisdiction.   It will also be conceded that the members of such an association must conform to the reasonable rules and regulations thereof, and exhaust their remedies within the association and before its tribunals, before the civil courts will take cognizance of their grievances,'' and this of necessity must be correct.   In other words a member of a mutual beneficiary insurance association is both an insurer and an insured, and when he signs the constitution and by-laws which provide for the payment of benefits he is bound by the terms thereof.   As appellee, Nolan, was severely injured and is now suffering from a malady which will forever prevent him from pursuing his regular occupation, we regret exceedingly to be forced to this conclusion.   His rights, however, were fixed by the constitution and bylaws of the brotherhood which he signed and accepted, and we cannot, under the showing made in this record, reform his contract.

Judgment reversed.