## Metropolitan Life Insurance Co. v. Hutson.

(Decided March 16, 1934.)

BRUCE & BULLITT, WILLIAM MARSHALL BULLITT and EUGENE B. COCHRAN for appellant.

J. B. SNYDER, ZEB A. STEWART and H. H. FUSON for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment in favor of the appellee, Martin V. Hutson, rendered by the Harlan circuit court in his action on a life insurance policy, issued by the appellant, Metropolitan Life Insurance Company, to Sarah Casey.

The facts, so far as pertinent to the question presented upon the appeal, are as follows:

In June, 1930, Mrs. Sarah Casey, being then the holder of several small industrial policies, surrendered them to the appellant company for their cash surrender value, and, with part of the sum so received, she, on June 13, 1930, took out with the said company a regular life insurance policy in the amount of $1,000, for which she then paid the first annual premium thereon.

Thereafter, on June 13, 1931, the second annual premium becoming due, she failed to pay same either at such time or within the thirty-day grace period given therefor, thereby allowing the policy to lapse through her default in premium payment. She was thereupon advised by appellant's agent to file application for reinstatement of the policy, which on September 5, 1931, she duly executed; the reinstatement was granted, and payment of a semiannual premium of $25.30 was made appellant, thereby extending the policy in force for the six-month period from June 13 to December 13, 1931.

The evidence is uncontradicted that the insured, Mrs. Casey, some time in August next prior to making this reinstatement application, received a gland injury in her right groin, through accidentally running into or striking against the corner of a table, causing the gland thus struck to become so inflamed and enlarged as to require treatment by her physician and an operation, under an anesthetic, for its removal; that for such purpose she was taken to a hospital and operated upon about the 1st of September, when, after a few days' confinement there, she was released and returned to the home of her son, Martin Hutson (the appellee), with whom she was then living. Further, it appears that, within only a day or two after this operation and her release from the hospital, on September 5, 1931, she executed the application here involved for reinstatement of her lapsed policy. This application was made upon a form provided by the appellant company therefor, in which these questions were asked and to which she made the following answers or representations:

"2. Are you now in sound health? Yes. * * *

"4. Have you, since date of issue of the above policy—

"(a) Had any illness or injury? If yes, give date and particulars. (a) No.

"(b) Consulted any physician or physicians? If yes, give date, and name and address of physi-

cian or physicians, and state for what illness or ail-
men. (b) No. * * *

"I hereby certify that the foregoing statements
and *answers are correct and wholly true and have
been made by me to induce* the Metropolitan Life
Insurance Company *to reinstate* the above policy
on my life, which policy lapsed for non-payment of
the premium due as stated above; and *I agree that
if said company shall grant such reinstatement, the
same shall be deemed to be based exclusively upon
the representations contained in this request* and
upon the express condition that if the foregoing
statements be in any respect untrue, said Company
shall, for a period of two years from the date of
such reinstatement, be under no liability by reason
of the attempted reinstatement of the policy, *except
that the company shall return to the insured or his
personal representative all premiums paid since the
date of said reinstatement.* (Italics ours.)

"Dated at Harlan, Ky., this 5 day of Septem-
ber, 1931.

"Sarah Casey."

Further, it appears that, following this gland oper-
ation and policy reinstatement, the insured continued to
be troubled with a chronic condition of acute constipa-
tion, for which she was treated by physicians, and given
colonic irrigation therefor—without remedial effect—
when her condition became so critical that her physician
called into consultation Dr. Fletcher, a specialist, who
advised, because of her discovered condition of com-
plete bowel obstruction, which they were otherwise un-
able to relieve, an immediate operation. She was there-
upon again taken to the hospital and underwent an op-
eration therefor on October 6, 1931, when it was there-
by found that her condition was caused by a "malig-
nant mass" having formed at the lower end of the large
bowel, at the junction of the rectum, which made im-
possible any bowel movement; that the nature and
growth of this malignant, concerous mass, termed rectal
carcinoma, was such as to show that it had begun and
been there located and "growing within the wall of the
bowel" for at least three months prior to the operation,
and was so far advanced as to at the time of the opera-
tion an October 6th cause the death of the insured about
a month later, on November 4 following.

Notice and proof of death were given the company and demand made for payment of the policy, which it refused, upon the ground that the deceased and insured had procured the reinstatement of the lapsed policy through misrepresentations, both material and fraudulent, made in her application and by which she secured the policy's reinstatement.

Suit was thereupon brought upon the policy against the appellant in the Harlan circuit court, wherein the petition alleged the issuance of the policy, the payment of its premiums, and that it was in force and effect at the time of insured's death, November 4, 1931; that due notice and proof of death of insured had been given the company; and that the plaintiff, Martin V. Hutson, was the sole beneficiary threin and entitled to recover the amount of the policy sued for.

Appellant answered, pleading in avoidance of liability upon the policy the defense of misrepresentations, both material and fraudulent, made by the insured in her application for reinstatement of policy and in reliance upon which it was made.

Further pleadings were filed, making up the issues, when the case went to trial upon the pleadings, proof, and instructions of the court, and a verdict returned in favor of the plaintiff for the amount of the policy, upon which judgment was duly entered.

Appellant, seeking the reversal of this judgment, assigns therefor some five grounds upon which it is argued that the judgment is erroneous, but we deem it needful to here consider and dispose of but two of them —in view of the conclusion we have reached that these two objections are meritorious.

These two grounds are by appellant thus stated:

(1) Mrs. Casey's misrepresentations about prior illnesses and injuries and consultations with physicians were both material and fraudulent. In either event, those representations avoid the policy.

(2) Mrs. Casey's representation that she was in sound health was untrue, because she had cancer, and cancer is material to the risk. It avoids the policy whether fraudulent or not.

It is to be noted that there was no contradiction in

the testimony of appellant's witnesses to the effect that the insured Mrs. Casey's misrepresentations, made by her answers given to the questions asked her, were material to the risk. As to this, in the case of New York Life Insurance Co. v. Long, 199 Ky. 133, 250 S. W. 812, and again in New York Life Insurance Co. v. Long, 211 Ky. 657, 661, 277 S. W. 978, 980, it was held that the test of the materiality of misrepresentations made "was what would have been done by one (a life insurance company) acting reasonably and naturally in accordance with the practice usual among life insurance companies." Applying this test, appellant's witnesses testified (as to this) that the insured's misrepresentations made in her application, as to her groin condition, operation, and treatment by physicians prior to September 5, were "material," and were such that, if the truth had been made known as to her condition, thereby falsely misrepresented, life insurance companies generally, acting in accordance with the practice usual among them, would not have reinstated the policy, but would have postponed its reinstatement for further examination; and that, in so far as her answers were shown false as to her being then afflicted with a cancerous condition, or rectal carcinoma, which was established by appellant's uncontradicted evidence, the insured's false answers given thereto were material misrepresentations, for which the application, had true answers been given, would have been rejected, in accordance with the practice usual among life insurance companies. Appellant contends that, as it was held in the Long Case, supra, there was here no evidence to contradict the insurance company's proof of the materiality of the insured's misrepresentations made, and therefore that "the court should have here as there it approved in a like situation sustained the motion made by the defendant for a peremptory instruction in its favor," as in the instant case the proof, as there, was all to the effect that the insured's cancerous condition, as appellant's witnesses testified without contradiction, existed on September 5, the time of making application for reinstatement of the policy. Further, it insists that the insured's statement that she had not had any illness since the issuing to her of the policy in June, 1930, as made in her application, when she was even at the time, according to all the testimony, shown to have been then afflicted with at least the beginning of a

cancerous growth, was such false representation as to a material fact as, whether fraudulently made or not, avoided the policy.

We are of the opinion that the appellant must be sustained in this contention, as the same comes clearly within the well-settled rule of this court as repeatedly announced in the cases of Metropolitan Life Insurance Co. v. McDonald, 246 Ky. 109, 54 S. W. (2d) 625; National Life & Accident Insurance Co. v. Fisher, 211 Ky. 15, 276 S. W. 981, 982; Commonwealth Life Insurance Co. v. Goodknight's Adm'r, 212 Ky. 763, 280 S. W. 123; Penick v. Metropolitan Life Ins. Co., 220 Ky. 626, 295 S. W. 900. In all these cases and numerous others it is held that a misrepresentation avoids the policy, if either material to the risk or fraudulent, or, as said in the Fisher Case, supra:

"It is insisted that section 639 of the Statutes provides that these statements in an application shall be deemed and held represensations and not warranties. That is true, but the statute further provides that no representation, unless material or fraudulent, shall prevent a recovery on the policy. That means that if a representation is made, and it is untrue and material, it taints the contract whether faudulent or not, and, if untrue and fraudulent, it taints the contract whether material or not."

By question 2 of the application for reinstatement, insured was asked, "Are you now in sound health?" to which she answered "Yes." Also by question 4 she was asked, "Have you, since date of issuance of the above policy—(a) Had any illness or insury? or (b) Consulted any physician or physicians?" to both of which her answer was "No." Appellee insists that the representations were, under section 639 of the statutes, but representations, but we regard the language of this court's opinion, announced in the case of Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S. W. (2d) 990, 994, sufficient answer to this argument. There the rule is thus stated:

"The statute converts statements designated as warranties with specified effect of a breach into representations with the resultant effect of falsity. Security Life Ins. Co. of America v. Black's Adm'r, 190 Ky. 23, 226 S. W. 355. The representations if

false and fraudulently made will defeat a recovery under the policy regardless of their materiality; and, if innocently made, but false and material to the risk, they have the same effect. Security Life Ins. Co. of America v. Black's Adm'r, supra; National Life & Acc. Ins. Co. v. Fisher, 211 Ky. 12, 276 S. W. 981; Penick v. Metropolitan Life Ins. Co., 220 Ky. 626, 295 S. W. 900.''

It is not open to doubt that Mrs. Casey, at the time of making these answers to these questions in the application (which was only two days after her return from the hospital, where she had undergone a gland operation), could not have forgotten such fact or have honestly made the answers thereto which were given by her, denying that she had either had an injury or had consulted a physician since June 13, 1930, and when in fact she was, even during the previous week, under the treatment and care of Drs. Howard and Cawood for her groin trouble.

In her application she stated that her statements and answers given therein were correct and wholly true, and that they were so made by her to induce the company to reinstate her policy and also agreed that the company's grant of the requested reinstatement should be deemed based exclusively upon the representations so made by her.

In the light of these circumstances, we are forced to conclude that these false answers made in her application were knowingly made by her and fraudulently made for the purpose of securing reinstatement of her policy. The rule is clearly established that, where a misrepresentation is fraudulently made by the insured to procure a policy of insurance, the element of materiality is unnecessary and also that the element of fraud is unnecessary when the misrepresentation is material to the risk. The rule was so reannounced in the late McDonald Case, supra, that, if the insured's answers or statements made in his application were ''untrue and known to him at the time of the making of the applications, or receipt of the policies to be untrue, and was made by him for the purpose of deceiving the insurance company and procuring the policies thereby, and the company relying thereon was deceived into issuing the policies by such untrue declarations, the policies are to

be regarded as obtained by fraud and are void. National Council, Knights and Ladies of Security v. Dean, 191 Ky. 622, 231 S. W. 29; Grand Lodge, Brotherhood of R. R. Trainmen Engineers v. Nolan, 196 Ky. 296, 244 S. W. 759; Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S. W. (2d) 990." We entertain no doubt as to the misrepresentations, as here are shown by the uncontradicted evidence to have been made, clearly come within the operation of the rule of the cited cases, and that the policy was thereby avoided.

Appellee, however, contends that the same rule should not apply to an application made for reinstatement of an insurance policy and to an original application for a policy. Certainly no sound or just reason exists for making a distinction between the making of misrepresentations, either material or fraudulent, in an application for securing a policy and in one made to secure a reinstatement of a policy. Certainly there exists the same just grounds and substantial reasons for holding the misrepresentations so made, whether regarded as material or as fraudulent, as alike applicable for avoiding the policy procured thereby.

The court is not unimpressed with the skill and learning displayed by counsel for appellee in the vigorous defense presented to appellant's attack upon the judgment, but we are unable to concur in his contention or with the soundness or merit of the many reasons he argues in support of his claim that the judgment should be upheld, as we are very clearly of the opinion that the one material and pivotal question involved upon this appeal is whether or not the insured's representations, as made in her application for reinstatement of the policy, were made by her with knowledge of their falseness and for the fraudulent purpose of thereby inducing the appellant to reinstate the policy. The evidence supports but one conclusion as to this and convincingly establishes that the insured here fraudulently secured the reinstatement of the policy sued on, and upon such ground it should be avoided, and any premium payment received after the policy's reinstatement should be tendered back, as was here done, and repaid appellee.

Such being our conclusion upon this decisive question, it becomes unneedful to here consider or decide

any of the several other questions presented upon this appeal.

Judgment is reversed, with directions that if the evidence be again substantially the same upon another trial of the case, upon the appellant's repayment to the plaintiff of the premium paid to appellant upon or since the reinstatement of the policy, the court should give a peremptory instruction in favor of the insurance company.