## Equitable Life Assurance Society of the United States v. Obertate.

(Decided May 21, 1935.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT and EUGENE B. COCHRAN for appellant.

R. F. PEAK, G. A. DONALDSON and J. L. DONALDSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

On the 31st day of December, 1931, Neal Obertate signed and delivered to the agent of the Equitable Life Assurance Society of the United States an application for a policy of life insurance for $2,500. The application contained a list of questions propounded to, and answered by, him. Without a medical examination, based solely on his answers to these questions, on or about the 11th day of February, 1932, for a paid premium of $111.08, the Equitable delivered the policy. On the 16th day of April, 1932, he departed this life, and later, the administratrix, gave notice and furnished proof of his death to the Equitable. On the 23d day of June, 1932, it served notice of rescission on the beneficiary; tendered her the $111.08 premium, with interest, and demanded the surrender of the policy. She declined to accept it and refused to consent to a cancellaton. This action followed.

On a trial to a jury a verdict for the face amount of the policy with interest from April 16, 1932, until paid, was returned in her favor and a judgment in conformity therewith was entered.

Since the Equitable is entitled to a reversal because of the court's refusal to instruct the jury as to all of its defenses, and the error in the date from which interest is allowed, it is entirely unnecessary to reproduce the evidence in this opinion. It is sufficient to say it was, and is, amply sufficient to sustain a verdict for or against either party.

The Equitable pleaded that Obertate's answers to a number of questions listed in the application were untrue and were known by him at the time of making of the application and the receipt of the policy to be untrue, and were made by him for the purpose of deceiving the Equitable, and procuring thereby its policy, and that it was deceived into issuing the policy by

such untrue statements, and which were known by him to be untrue. It, also, pleaded that the answers to the questions, when made by him, were substantially untrue and that it, acting reasonably and naturally, in accordance with the practice usual among life insurance companies, under similar circumstances, would not have accepted his application and issued and delivered him its policy, if the substantial truth had been stated in his answers, even though they were not made with a knowledge of their falsity or with the intention to mislead or deceive it.

It offered an instruction covering these defenses, which the court declined to give, and gave one only covering the second defense. It is true the form of the given instruction has often been approved by this court (Blenke v. Citizens' Life Ins. Co., 145 Ky. 332, 140 S. W. 561; Modern Woodmen of America v. Sheilds, 202 Ky. 795, 261 S. W. 594; New York Life Ins. Co. v. Long, 199 Ky. 133, 250 S. W. 812; Standard Auto. Ass'n v. Henson, 201 Ky. 230, 256 S. W. 414; Security Ins. Co. of America v. Black's Adm'r, 190 Ky. 23, 226 S. W. 355); but it omitted to submit to the jury both defenses which were presented in the answer and which it endeavored to establish by its evidence.

It was entitled to an additional instruction, or to have included in the one that was given, appropriate language advising the jury that if it believed from the evidence that the answers of Obertate to the questions listed in the instruction, or any one or more of them, were untrue, and were known by him at the time of the making of the application, or the receipt of the policy, to be untrue, and were made by him for the purpose of deceiving the insurance company and procuring the policy thereby, and the insurance company was deceived into issuing the policy by such untrue statements which were known to him to be untrue, if they were, it should find for it. National Council, Knights & Ladies of Security v. Dean, 191 Ky. 622, 231 S. W. 29; Metropolitan Life Ins. Co. v. McDonald, 246 Ky. 109, 54 S. W. (2d) 625; Insurance Co. of North America v. Gore, 215 Ky. 487, 284 S. W. 1107.

The given instruction directed the jury to find for the beneficiary $2,500—the face of the policy—with interest from April 16, 1932, which seems to be the date of the death of the insured. This was an error. As

per the terms of the policy, it was payable "upon receipt of due proof of the death of the insured." The pleadings do not state and the evidence fails to show when the proof of the death of the insured was received by the Equitable.

The beneficiary, on the return of the verdict in her favor, was entitled to interest from the time at which under the policy the money was due, in the absence of allegations and proof that the Equitable, beginning at the death of Obertate, denied its liability under the policy, then interest on the amount recovered runs from the date of the denial. Home Ins. Co. of N. Y. v. Roll, 187 Ky. 31, 218 S. W. 471, and cases cited. All other questions are reserved.

For the errors indicated, the judgment is reversed for proceedings consistent herewith.