## Equitable Life Assur. Soc. of United States v. Phillips.

June 14, 1940.

M. L. Blackwell, Judge.

Wm. Marshall Bullitt, Bruce & Bullitt and Eugene B. Cochran for appellant.

N. P. Taylor and Henson & Taylor for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Equitable Life Assurance Society of the United States, is appealing from a $1,000 juagment in favor of the appellee, Corneli.. Phillips, the beneficiary of a policy of life insurance on the life of her mother, Mrs. Willie H. Phillips.

The Company denied liability on the policy by rea-

son of fraudulent and material misrepresentations which it claimed the insured made in her application on which the policy issued. Specifically, the Company pleaded that the following questions and answers were contained in the policy application made by the insured on October 16, 1937:

"6. Have you ever had or been treated for any disease or disturbance of: * * *

"D. The stomach, liver, intestines, kidneys or bladder? Ans. No.

"E. The genito-urinary organs? Ans. No."

"7F. Have you had any other illness or injury not mentioned above? Ans. No."

It was alleged by the Company that at the time of the application the insured had a disease or disturbance of the genito-urinary organs and was also afflicted with cancer.

It is contended on this appeal by the Company that the evidence establishes conclusively that the insured had cancer at the time of the application and was afflicted with a genito-urinary disturbance and that she knew of both of these conditions and that therefore her answers were fraudulent but that in any event, whether innocent or fraudulent, the true facts were material to the risk and, whether fraudulent or not, they avoid the policy.

The insured died in July, 1938, as a result of cancer of the uterus which had extended into the vagina. In March, 1938, approximately five months after the policy application, she consulted her local physician who diagnosed her case as cancer and recommended that she secure hospital treatment. Pursuant to this physician's advice the insured entered a hospital in St. Louis in the same month. At that hospital she gave to Doctors Jorsted and Adler a history of her case, which was to the effect that for a period of two years before entering the hospital she had been suffering from vaginal bleeding which had gradually become more severe and which was accompanied by loss of weight and occasional passage of blood clots from the vagina; that she had definite pains in the lower abdomen for two years which had become more severe in the last eight or ten months. These physicians state that she had associated both the bleeding and pain with the menopause which had oc-

curred four years previously. Dr. Jorsted states that the insured gave the history that she had had the vaginal bleeding for two years, while Dr. Adler says one year, this being the only particular in which the two physicians differed.

The hospital physicians diagnosed the insured's trouble as cancer and Dr. Jorsted states that in his opinion she had had cancer for a year or more. Dr. Adler was apparently of the opinion that the cancer had existed for two years. Dr. Neel, a local physician who made the policy examination of the insured, testified that in his judgment the cancer had existed for twelve to fifteen months prior to her admission to the hospital. His answer was based in part on a hypothetical question portraying accurately the history of the case as detailed to the hospital physicians and in part on a diagram made by those physicians showing the extent to which the cancer had developed. The hospital physicians ascertained that the cancer had progressed to an inoperable stage and prescribed X-ray treatments.

A large number of witnesses introduced by appellee testified that the insured was a very active, vigorous woman at the time the policy application was made; that she did the cooking and laundry and house work for her family and in the fall and early winter following the making of the application nursed a sick mother and sick daughter through long illnesses. There is no doubt as to the truth of this testimony and the evidence appears to establish that the insured had no knowledge that she was afflicted with cancer at the time the application was made.

The law is definitely established in this state in cases of this character by a long line of decisions. The rule is 1) that where a misrepresentation is fraudulently made by the insured to procure a policy of insurance the element of materiality is unnecessary and 2) that the element of fraud is unnecessary when the false representation is material to the risk. National Life & Accident Insurance Co. v. Fisher, 211 Ky. 12, 276 S. W. 981; Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S. W. (2d) 990; Metropolitan Life Insurance Co. v. McDonald, 246 Ky. 109, 54 S. W. (2d) 625; Metropolitan Life Insurance Co. v. Hutson, 253 Ky. 635, 69 S. W. (2d) 742 and Northwestern Mutual Life Insurance Co. v. Yoe's Ex'r, 283 Ky. 406, ... S. W. (2d) ....

The evidence appears to us to establish that no misrepresentations were *fraudulently* made by the insured—at least, the evidence was sufficient to make an issue on this point and the jury found that issue in favor of appellee. And, as to the cancerous condition of the insured, we are not convinced that the evidence established conclusively that it existed at the time of the application. While it must be admitted that the evidence points very strongly to the fact that the cancerous condition was in existence for some time prior to the application, the testimony of Dr. Jorsted was to the effect that it was impossible to tell how long such a condition had existed. He was asked if he could tell how long the condition had existed and said: "No sir, you cannot tell it. They grow at different rates in different individuals. That would only be speculation." This, we think, was sufficient to make an issue of fact on this question for the jury to decide. But when we come to insured's answer that she had not been afflicted with a genito-urinary disturbance, beyond a doubt a false representation was made and this misrepresentation was proven without controversy to have been material to the risk. Insured's own case history given to the hospital physicians shows that she was suffering with a genito-urinary disturbance at the time she made the application, that is, she was suffering with vaginal bleeding accompanied by abdominal pains for a period of at least six months prior to the making of the application. The testimony of the numerous witnesses introduced for appellee in no wise contradicts this evidence. The fact that the insured was a strong, vigorous, active woman at the time that she made the application serves in no way to contradict her own statement that at that time she was afflicted with the disturbance she detailed to her physicians. These witnesses, of course, could not be expected to know of this condition and their lack of knowledge of it is in no way contradictory of the fact that it existed. It was proven by the Company without contradiction that had the condition which the insured stated to the hospital physicians she was in at the time she made the application been made known to the Company the policy would have been rejected. There was therefore no issue of fact to submit to the jury—a false representation was made by the insured which was material to the risk and the Company was entitled to a directed verdict. All other questions reserved.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.