Francis C. UPTON, Plaintiff-Appellant,

v.

WESTERN LIFE INSURANCE COM-PANY, Defendant-Appellee.

No. 73–1540.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1974.

Decided Feb. 20, 1974.

Robert D. Simmons, Bowling Green, Ky., for plaintiff-appellant; Jon Goodman, Munfordville, Ky., on brief.

Whayne C. Priest, Jr., English, Lucas, Pries & Owsley, Bowling Green, Ky., for defendant-appellee.

Before McCREE and LIVELY, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is the appeal of the widow of a deceased insurance policy holder from a judgment entered on a verdict for the insurance company in a diversity action to recover under two $25,000 life insurance policies. In the district court, the insurance company stipulated to a prima facie case for appellant, and defended on the grounds that, in applying for the

life insurance, appellant's deceased husband, who was a practicing physician, had made fraudulent misrepresentations and omissions about the state of his health. Specifically, the company asserted that he answered "no" to an inquiry whether he "ever had or been treated for epilepsy, fainting or dizzy spells, any nervous or mental disorder" and that this answer was false and fraudulent. Because of the stipulation, the district court, reversing the usual order of proof, permitted appellee, upon its motion, to present evidence first because it had the burden of proving fraud and misrepresentation to defeat recovery under the insurance contracts. At the close of appellee's proof on the fraud issue, appellant moved for a directed verdict, and the motion was overruled. After appellant closed her proof, she moved again for a directed verdict. and this motion, too, was overruled. The case was submitted to the jury and it returned a verdict in favor of the insurance company.

On appeal, appellant contends that the district court erred in overruling her motions for directed verdict and that the court erred in instructing the jury that an intentional misstatement of truth on the part of appellant's decedent would void the policy even if the misstatement was not material to the insurance company's issuance of the policy.

 Because our jurisdiction is based upon diversity of citizenship, the law of our circuit requires us to apply the state test for the sufficiency of evidence, and here we must apply the law of Kentucky. Moskowitz v. Peariso, 458 F.2d 240 (6 Cir., 1972). In *Moskowitz,* we explicated the proper standard under Kentucky law for reviewing, on appeal, a claim that the trial court erred in ruling on a motion for directed verdict. We stated:

> The same considerations which govern a proper decision on a motion for a directed verdict also govern in the consideration of a motion for a judgment notwithstanding verdict. Cassi-

nelli v. Begley, 433 S.W.2d 651 (Ky. 1968). In ruling on either a motion for a directed verdict or on a motion for judgment notwithstanding verdict, the Court must consider the evidence in the light most favorable to the party against whom the motion is made, and on appeal the appellate court is to consider the evidence in the same light. Sutton v. Combs, 419 S.W.2d 775 (Ky.1967). 458 F.2d at 244.

Accordingly, we must consider the evidence here in the light most favorable to appellee insurance company. And our examination of the record discloses evidence that the insured had experienced a grand mal seizure before he applied for the policies and that the company would not have issued them if this fact had been disclosed. We are convinced that there was sufficient evidence as a matter of law for the case to be submitted to the jury on the issue of the affirmative defense.

 The Kentucky courts have made it clear that fraudulent misrepresentation made by an insured in order to obtain insurance will void the policy even if the misrepresentations were not material to the company's issuance of the policy. Equitable Life Assur. Soc. of U. S. v. Phillips, 283 Ky. 479, 141 S.W.2d 861 (1940); The Maccabees v. Covert, 302 Ky. 481, 194 S.W.2d 498 (1946). As the Kentucky Court of Appeals stated in *Phillips:*

> The law is definitely established in this state in cases of this character by a long line of decisions. The rule is (1) that where a misrepresentation is fraudulently made by the insured to procure a policy of insurance the element of materiality is unnecessary and (2) that the element of fraud is unnecessary when the false representation is material to the risk. 141 S. W.2d at 862.

Accordingly, we hold that the challenged jury instruction was correct under Kentucky law.

Affirmed.