JUDGE ROBERTSON
delivered the opinion on the court.
The fire policy on which this action was brought by the appellee against the appellant insured houses and other things in Louisville, and the houses were burned.
The policy provided: first, that the written application should be considered a part of it, and its statements be deemed wairranties; second, that a lien was reserved for securing the payment of the premium; third, that unless the interest of the assured was “ truly stated” the policy should be void; fourth, that if his interest “be any 'other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, it must be'so represented to the company, and so expressed in the written portion of this policy, otherwise this company shall not be liable;” fifth, that any fraud or false swearing by the “ assured shall cause a forfeiture of all claim under this policy.”
At the date of the policy the only title of the assured to the houses was encumbered by a lien for the whole consideration, which he had bid for them at a decretal sale, and also by his wife’s dower as the widow of a former husband, as whose property, excepting the dower, it was sold; and at the date of the policy, and at the time of the trial of this action, none of the purchase-money had been paid.
In his preliminary oath the assured affirmed that his title was exclusive and unencumbered, and that no other person had any interest therein. And the insuring agent testified that when he applied for insurance the assured represented his title as unencumbered. Nevertheless the jury, on these facts, found a large verdict for the loss of the insured houses, and the circuit court overruled a motion for a new trial, and gave judgment for the amount assessed.
*149 The verdict was not authorized by the law and the facts, but was contrary to both.
The assured misrepresented his title in his preliminary oath, and thereby forfeited his claim to damages under the policy. He misrepresented his title to the appellant’s agent, and was thereby guilty of voluntary fraud, avoiding the policy according to one. of its express conditions. Nor, as required, was his interest truly stated in his application, nor therefore truly expressed in the policy.
On these indisputable grounds the policy was avoided, and the verdict had no legal or solid foundation, and a new trial ought to be granted.
The appellant’s last amended answer may have been properly rejected only because it was not offered until after the jury had been sworn; but it may be filed, if offered in time, before another trial.
Judgment reversed, and cause remanded for a new trial.