## Kentucky Live Stock Insurance Company v. McWilliams.

(Decided January 9, 1917.)

### Appeal from Anderson Circuit Court.

1. Insurance—Section 639 Kentucky Statutes.—It is the purpose of section 639 of the Kentucky Statutes to prevent the insured from losing his indemnity upon either a misrepresentation or warranty that was not fraudulent or material to the risk.

2. Insurance—What Necessary to Avoid Recovery.—To avoid a policy of insurance because of statements in the application or to defeat a recovery because of statements made in the proof of loss, such statements must be false and either fraudulent or material.

3. Insurance—Representations.—If the answers in the application for insurance were written by the company's secretary and the applicant, while acting in good faith and without intention to deceive, was induced by the misleading statements or suggestions of the secretary to make false or inaccurate statements, the company can not rely on the falsity of the answers to defeat the policy.

4. Insurance—Trial—Instructions.—The entire law of the case need not be stated in one instruction.

5. Appeal and Error—Instructions.—Instructions objected to but not included in the motion and grounds for new trial are not before this court for review.

6. Appeal and Error—Verdict.—A verdict supported by some evidence will not be disturbed upon appeal unless it is flagrantly against the evidence.

WILLIS, TODD & BOND and J. S. McELROY for appellant.

EDWARDS, OGDEN & PEAK and LILLARD CARTER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On August 5th, 1914, appellant issued to appellee an insurance policy for $750.00, insuring a Percheron stallion, named "Bellmont Boy," for one year against death from accident or disease. On October 11th, 1914, the horse was burned to death in an accidental fire, and appellee having furnished proof of the destruction of the horse, appellant denied liability therefor and declined to pay the policy. Appellee then instituted this action in the Anderson Circuit Court, and upon trial before a jury, recovered a judgment against appellant for the amount of the policy with interest and costs. Appellant's motion for a new trial having been overruled, this appeal is prosecuted.

Appellant's defenses were, that the policy was avoided by reason of false representations made by appellee in his application, upon which the policy issued, and, that the right to recover was forfeited by false statements in the proof of loss submitted by appellee to sustain his claim for indemnity under the policy.

The reasons urged here for reversal are: 1st, that the court erred in refusing a directed verdict for the appellant; 2nd, that the court erred in giving and refusing instructions; 3rd, that the verdict is contrary to and not supported by the evidence.

The statements made by appellee, in both the application and the proof of loss, which are alleged to have been false and material, are his answers to the following questions: "Q. 21. What did you pay the party named, in answer to question 19? A. $1,105.00. Q. 22. In the purchase of the above animal did you pay cash or trade or both? A. Cash. Q. 23. Has the purchase money been all paid? A. Yes."

The policy contains clauses providing that it should be void in the event that representations made by appellee in the application were false, and that the right to recover anything upon the policy would be forfeited in the event false statements were made in the sworn proof of loss insured was required to furnish the company if a loss occurred.

Section 639 of the Kentucky Statutes provides as follows:

"All statements or descriptions in any application for a policy of insurance shall be deemed and held

representations and not warranties; nor shall any misrepresentations, unless material or fraudulent, prevent a recovery on the policy.''

It is the purpose of this section to prevent the insured from losing his indemnity upon, either a misrepresentation or warranty that was not fraudulent or material to the risk, as has been held by this court in numerous cases, and the same rule applies with equal force to statements in the proof of loss. Germania Ins. Co. v. Rudwig, 80 Ky. 223; Home Ins. Co. v. Koob, 113 Ky. 360; Prov. Savings Society v. Dees, 120 Ky. 285; Prov. Savings Society v. Whayne, 131 Ky. 84; Warren Deposit Bank v. F. & D. Co., 116 Ky. 38; Ins. Co. v. Kierman, 83 Ky. 468; Ins. Co. v. Wigginton, 89 Ky. 330; Ins. Co. v. Thomson, 94 Ky. 253; Lou. Ins. Co. v. Monroe, 101 Ky. 12; Sun Mut. Ins. Co. v. Crist, 19 Ky. Law Rep. 305, 39 S. W. 837; Bank v. American Bonding Co., 153 Ky. 579; Knights of Maccabees v. Shields, 156 Ky. 270; U. S. F. & G. Co. v. Foster Bank, 148 Ky. 776; Blenke v. Citizens Life Ins. Co., 145 Ky. 332; Masonic Life Asso. v. Robinson, 149 Ky. 80.

It, therefore, results that, in order to avoid the policy, because of statements in the application, or to defeat a recovery because of statements made in the proof of loss, such statements must be false and either fraudulent or material.

The uncontradicted proof here shows that appellee did not pay $1,105.00 in cash for the horse to those from whom he bought it, as stated in both the application and proof of loss, but that, instead, he paid $580.00 in cash, $40.00 in accounts that he held against two of the owners of the horse, a fifty dollar note he gave in part satisfaction of the price for which he bought the interest of one of the joint owners, and nineteen shares of the capital stock of the Central Life Insurance Co., which was accepted at $20.00 per share, in the trade, making the purchase price $1,050.00. Appellee testified that to this sum he added the $55.00 that he paid as a premium on the policy, because he regarded the premium as a part of what the horse was costing him.

As it is clear that the $55.00 he was paying as a premium for the insurance policy was no part of the purchase price, and, as the purchase price was not all paid in cash, but a part of same consisted of a note for $50.00 and shares of stock, which, it is claimed, were

worth much less than $20.00 per share, the price at which it was accepted in the trade, it is claimed by appellant that the statements made by appellee, in both the application and proof of loss, that he paid $1,105.00 for the horse, and that he paid same in cash, were false, fraudulent and material, and that, upon this proof, it was entitled to a peremptory instruction.

While it is apparent that the statements are inaccurate and, in a sense, false, we are of the opinion that they were neither fraudulent nor material. Counsel for the appellant insist that a different rule is necessary and should apply to representations of the purchase price of live stock in an application for insurance than with reference to other kinds of property, as such companies must depend and do rely almost entirely, in fixing the value of such property, upon the price paid for it by the owner, and that, for that reason, misrepresentations or false statements with reference to the purchase price are always material, but we are unable to see any reason why the rule should be different with reference to such property than with reference to any other property.

In Providence Sav. Life Assur. Society v. Whayne's Admr., 29 Ky. Law Rep. 160, this court said:

"Whether it was material to the contract, as we have seen, depends on whether prudent men of ordinary judgment engaged in the same business, would, if it had been disclosed to them, have either raised the price or rejected the risk."

The material question in fixing the insurable value is, therefore, not what the owner paid for the property, but what it is worth. Appellee stated in his application that the horse was worth $1,200.00, and this value is fully established and in no wise contradicted by the proof, in which state of case it is apparent that what appellee actually paid for the horse was not material.

Nor can it be said that, upon the proof, the court was authorized to hold as a matter of law that these statements were fraudulent, because appellee testified that Mr. E. L. Whitehead, secretary of the company, filled out the application for the policy, at his dictation, and that he stated to Mr. Whitehead, in answer to the question as to the amount and how he had paid for the horse, that "as he counted it," the horse cost him $1,105.00, which he had paid to the owners in "cash, cash notes

same as cash," and that Mr. Whitehead, upon this statement by him, wrote the answers in the application, "$1,105.00 cash," and said to appellee: "That is simply to ascertain the value of the horse; that doesn't make any difference." Mr. Whitehead and his stenographer both deny this conversation and state that the answers, as written in the application, are as given by appellee and that he made no reference otherwise.

It will, therefore, be seen that, upon this question, there was a conflict in the evidence as to whether or not appellee, either falsely or fraudulently, represented the amount he had paid for the horse, or the manner of the payment. Manifestly, if appellee's contention as to how these statements were made is true, appellant cannot rely upon the alleged falsity of the answers to defeat the policy. In Masonic Life Assn. of Western New York v. Robinson, 149 Ky. 80, it was said:

"And so, if the answers in the medical report were written by a physician employed by the insurance company, who was acting as its agent in making the examination, and the answers so written by the physician and agent were made from his knowledge or were suggested by him or, the applicant while acting in good faith and without intention to deceive, was induced by the misleading statements or suggestions of the physician to make false answer, the company can not rely on the falsity of the answers to defeat the policy."

It, therefore, results that the court did not err in overruling the motion for a peremptory instruction.

2. The objections urged to the instructions given are directed solely to the form in which they were given, but the substance is not criticised. In instruction No. 1, the jury were told to find for appellee, the reasonable market value of the horse, not exceeding $750.00, unless they believed, "as in instruction number 2 or number 4." Instructions numbers 2 and 4 authorized a finding for appellant, if the jury believed that the statements in either the application or proof of loss were false, and fraudulently made, and that the policy would not have been issued if the true facts and conditions of the purchase had been disclosed.

While appellant objected and excepted to each of the instructions given, only the giving of instruction No. 1, is assigned as error in the motion and grounds for a new trial and that instruction alone is before us for review.

Mann Bros. v. City of Henderson, 154 Ky. 154; Kentucky T. & T. Co. v. Peel, 160 Ky. 239; Acme Mills & Elevator Co. v. Rives, 141 Ky. 786. Since that instruction qualified appellee's right to recover, by reference to other instructions which defined appellant's right to defeat such recovery, there is no merit in appellant's contention that the giving of instruction No. 1, was reversible error, as it has been frequently held by this court that the entire law need not be stated in one instruction. Hobson, etc. on Instructions, Sec. 16.

Appellant also complains that the court refused its offered instruction, to find for it if the jury believed that the statements in either the application or proof of loss were false, without regard to whether they were material, or fraudulently made. This, in effect, is but another way of insisting upon a peremptory instruction, to which, as we have heretofore seen, appellant was not entitled, since, to defeat a recovery, the statements must not only be shown to have been false, but material or fraudulent as well.

3. As has been stated, there was a conflict in the evidence as to whether appellee's answers to the questions involved were accurately written in the application by the company's secretary, and as to whether or not appellee's answers were in fact false, material or fraudulent. These questions having been submitted and determined by the jury, we cannot say that the verdict is contrary to or unsupported by appellee's testimony, and a verdict supported by some evidence will not be disturbed upon appeal, unless it is flagrantly against the evidence, a condition which does not obtain in this case. Miller's Admr. v. Ewing, 163 Ky. 401.

Wherefore, the judgment is affirmed.