## Hartford Fire Insurance Co. v. Golden, et al.

(Decided June 11, 1920.)

### Appeal from Pulaski Circuit Court.

1.  Insurance—Assignment of Contract—Effect.—Where a contract of insurance is assigned by the insured with the consent of the insurer, a new contract is created identical in terms with the one assigned between the insurer and the assignee.

2.  Insurance—Avoidance of Policy—Facts Material to Risk—Fraudulent Concealment.—To avoid an insurance policy on the ground of concealment, it must appear that the fact relied on was material to the risk, and that it was intentionally and fraudulently concealed by the insured.

3.  Insurance—When Fact Material to Risk.—A fact is material to the risk when it is such that the insurer, acting in accordance with the usual custom or practice of insurance companies, would not have issued the policy had he known of it.

4.  Insurance—Avoidance of Policy—When Concealment of Fact Material to Risk is Fraudulent.—Failure to disclose a fact material to the risk is fraudulent when the insured knows of it, and it is such that an ordinarily prudent person would know it to be material to the risk.

5.  Insurance—Fact Material to Risk—Pleading—Sufficiency.—An amended answer seeking to avoid an assignment of a policy on the ground that a fact material to the risk was fraudulently concealed, but not alleging that an ordinarily prudent person in insured's situation would have known the fact to be material to the risk, was insufficient.

BEN V. SMITH & SON for appellant.

O. H. WADDLE & SON and V. P. SMITH for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

John Golden owned a dwelling house in Burnside, which he sold to E. T. Simpson, who paid a portion of the purchase money in cash and executed notes for the balance, secured by a lien on the property. On July 28, 1917, the Hartford Fire Insurance Company issued to Simpson a policy insuring the property in the sum of $1,400.00. To protect the interest of Golden, a loss clause was attached, making the policy payable to Golden as his interest might appear. The notes for the deferred purchase money were transferred by Golden to others, who brought suit to enforce the vendor's lien. The property was sold and Golden became the purchaser and executed bond with J. H. Gibson as surety. On the day of the sale, Simpson, with the written consent of the company's agent, assigned the policy to Golden and a loss clause was attached making the loss payable to Gibson. About a week after the property was purchased by Golden, it was destroyed by fire. This suit was brought by Golden, Simpson and Gibson to recover on the policy. On final hearing judgment was rendered in favor of the plaintiffs, and the company appeals.

The only error relied on for reversal is the action of the court in sustaining the demurrer to the amended answer, which is as follows:

"Comes defendant, and in compliance with the order of the court to make its answer more definite and certain, amends first paragraph of answer, states that after the execution of the policy sued upon to E. T. Simpson, and while same was in full force and effect, but before the judicial sale on March 18th, 1918, an assignment of the rights, title and interests of said E. T. Simpson to John Golden, on March 19th, 1918, as alleged in plaintiff's petition, that said Golden with the fraudulent and wicked purpose of collecting the insurance on this policy did on diverse and numerous times and occasions, the exact dates of which defendant is not informed, wickedly, fraudulently and wrongfully urged the said E. T. Simpson to burn the property insured by said policy, and informed the said Simpson that if he would consent to the burning of said property that he would arrange to have the building burned, and that the said Simpson refused to consent to same, or to aid or be a party to the act or deed; that it was induced to make and consent to the

assignment of the rights, title and interests in said policy to John Golden on March 19th, 1919, and the assignment of John Golden to Joe H. Gibson, on March 20th, 1918, by the willful, deliberate and fraudulent concealment of said facts, all of which were material to the risk herein, by the said E. T. Simpson and John Golden, which facts were not known to the defendant, and but for which concealment the assignment by E. T. Simpson to John Golden on March 18th, 1918, and John Golden to Joe H. Gibson on March 20th, 1918, would not have been consented to by defendant, and said policy would have been cancelled on the date of the judicial sale. That said facts and each of them were so concealed from this defendant by the said E. T. Simpson and John Golden, willfully, wrongfully and fraudulently for the purpose of deceiving and misleading this defendant and procuring the assignments referred to, in plaintiffs' action.''

It will be observed that the amended answer presents the defense that Golden urged Simpson to burn the property, and informed Simpson that if Simpson would consent to the burning of the property, he would arrange to have the building burned, and that these facts were fraudulently concealed from the agent, who consented to the assignment of the policy from Simpson to Golden, and if the facts had been known by the agent, he would not have consented to the assignment. In support of the position that the allegations make out a case of fraudulent concealment, the argument is as follows: Because of the peculiar character of the contract of insurance, each party thereto must, to a large extent, rely upon the other. Hence, there arises an obligation on the part of each to state to the other all facts material to the risk, and to make those statements correspond with the facts—to tell the whole truth and nothing but the truth—on pain of making the contract voidable at the option of the other party. Vance on Insurance, pp. 250-251.

It may be conceded that where a contract of insurance is assigned by the insured with the consent of the insurer, a new contract is created identical in terms with the one assigned between the insurer and the assignee. Niagara Fire Insurance Co. v. Layne, 162 Ky. 665, 172 S. W. 1090.

To avoid an insurance policy on the ground of concealment it must appear that the fact relied on was ma-

terial to the risk, and that it was intentionally and fraudulently concealed by the insured. A fact is material to the risk when it is such that the insurer, acting in accordance with the usual custom or practice of insurance companies, would not have issued the policy had he known of it. Failure to disclose a fact material to the risk is fraudulent when the insured knows of it, and it is such that an ordinarily prudent person would know it to be material to the risk. Niagara Fire Ins. Co. v. Layne, *supra*. Here, the assignor had parted with all title to the property insured, and it is not perceived upon what theory it can be said that he was in any sense guilty of fraudulent concealment. It may be doubted if the doctrine of fraudulent concealment goes to the extent of requiring the assignee of a policy to expose his own moral delinquency as shown by his remarks in reference to the burning of the property. If such were the rule, then in every case where a policy was issued or assigned, the company, though making no inquiries in regard to the character of the insured, or assignee could defeat the policy by showing that it would not have issued it had it known that the insured was a rascal. Be this as it may, however, it seems to us that the allegations of the amended answer are not sufficient. In order to make out a case of fraudulent concealment, it should have alleged not only that the fact concealed was material, but that an ordinarily prudent person in Golden's situation would have known it to be material. Continental Insurance Co. v. Ford, 140 Ky. 406, 131 S. W. 189. It follows that the trial court did not err in sustaining the demurrer to the amended answer.

Judgment affirmed.