## New York Life Insurance Company v. Long.

(Decided May 11, 1923.)

### Appeal from Logan Circuit Court.

1.  Evidence—Soliciting Agent is Incompetent to Testify Company Would Have Accepted Risk if it Had Known Falsity of Answers.— A local insurance agent, whose only connection with the business was that of a solicitor of policies, was not qualified to give an opinion that life insurance companies generally, and especially the defendant, which was more liberal than some of the others, would have accepted an application for insurance and issued a policy thereon if they had known that statements therein that the applicant was not engaged in the liquor business and had not been under a physician's care were false.
2.  Evidence—Qualified Witnesses can Testify as to General Practice of Life Insurance Companies in Accepting Risks.—On the issue of the materiality of false answers in an application for a life insurance policy, a properly qualified witness could testify that insurance companies generally, while acting reasonably and naturally in the course of the life insurance business, would have accepted the risk under the circumstances notwithstanding knowledge that the answers were false.
3.  Evidence—Opinion by Agent Who Solicited Policy that it Should be Paid is Incompetent.—Where the defense to recovery on life insurance policy was false answers by insured relating to his occupation and health, the admission of evidence of the agent who solicited the policy that he had advised the company to pay the policy, and still thought it should be paid, was glaringly erroneous.
4.  Insurance—Material Misrepresentations Need Not be Fraudulent to Defeat Recovery on Policy.—Under Ky. Stats., section 639, a representation made in an application for an insurance policy which is false and material to the risk will avoid the policy whether intentionally or innocently made; the element of fraud on the part

of the applicant being unnecessary to render the representations material.

5. Insurance—Instruction on Materiality of False Representations in Application Held Erroneous.—Where it was undisputed that an applicant for life insurance had made false representations in his application, an instruction which required the jury to believe the representations were made and were false, and also that they were fraudulently made, thereby permitting the jury to find they were not made or were not false, and to allow recovery on the policy even if they were false and material but not fraudulent, was erroneous, and the jury should have been instructed as to the statements made and required to find whether the answers were substantially untrue and whether the company acting in accordance with the usual practice would not have accepted the application if the substantial truth had been stated, and to return a verdict for defendant if they so found.

GROVER G. SALES, W. V. PERRY, WM. MARSHALL BULLITT and BRUCE, BULLITT & GORDON for appellant.

S. Y. TRIMBLE and S. R. CREWDSON for appellee. ·

· OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is the third appeal of this case. The opinion in the first one is reported in 177 Ky. 445, and in the second one in 193 Ky. 19. An examination of them will show that there was involved in each of them the single question as to the right of the appellant, and defendant below, New York Life Insurance Company, to rely on the defense interposed of false and material answers made by the insured, Anthony F. Long, in his application for the policy on his life sued on and in which the plaintiff and appellee, Dianah B. Long, was the beneficiary. The policy was issued in the state of Wyoming on March 5, 1910, and was for the sum of $1,500.00. The insured died in September following and in December, 1916, this action was filed in the Logan circuit court by the plaintiff to recover the amount thereof. Neither the application nor a copy thereof was attached to or incorporated in the policy and the trial court rejected the defense of false answers to material questions therein, although it was claimed by the company that no statute in the state of Wyoming required the application or a copy thereof, in order to be available, to be attached to the policy, and that ruling of the court was reversed in its opinion on the first appeal.

On the second appeal the court held that a certain statute of Wyoming, which is copied in the opinion on that hearing, was substantially the same as our statutes upon the subject and held that it was necessary under it that the application or a copy thereof be attached to the policy and if not done no defense could be based thereon. That interpretation of the Wyoming statute was held to be error on the second appeal and the judgment in favor of plaintiff at the trial then under review was reversed. Another trial was had after the filing of the mandate issued upon that appeal in which the merits of the defense were investigated and under instructions of the court submitting the issues to the jury, to which defendant excepted, there was a verdict in favor of plaintiff which the court declined to set aside on a motion made for a new trial and from the judgment rendered thereon this appeal is prosecuted.

It will be observed that none of the questions for decision on this appeal were in any wise involved on either of the two former ones, and therefore no question as to "the law of the case" is presented.     The principal grounds urged for a reversal of the judgment are (1), the refusal of the court to sustain defendant's motion for a directed verdict in its favor; (2), incompetent evidence introduced by plaintiff; (3), error in the instruction given by the court, and (4), error of the court in refusing an instruction offered by defendant.

In the application which plaintiff signed he was asked and answered a number of questions among which were, whether he had ever been connected directly or indirectly with the manufacture or sale of intoxicating liquors, to which he gave a negative answer.    He was further asked if he had ever used any such liquors to excess, followed by a similar answer; also what illnesses, diseases or accidents he had suffered since childhood and he answered that he had an attack of typhoid fever in 1895 and that he had not consulted or been under the care of a physician since that date.    Those questions and answers are the substance of the ones upon which the defense is based, it being alleged in the answer that they were each false and material to the risk and that the policy would not have been issued had the questions been correctly answered, the truth being that about two years before the policy was issued the insured became afflicted with chronic alcoholism and was treated for that affliction for several weeks at Beechhurst Sanatorium in Louisville;

that for a number of years a short while prior thereto he was in the employ of a firm at Paducah, Kentucky, engaged in the wholesale whiskey business, and was discharged from that service on account of over indulgence in the consumption of whiskey, and that the answer stating that he had not been under the care of a physician since 1895, and then only for typhoid fever, was likewise false. The proof sustained without contradiction the falsity of each of those statements, but plaintiff endeavored to avoid the effect of the acknowledged falsity by attempting to show that the representations embodied in the answers were not material, and that defendant, "acting reasonably and naturally according to the practice usually adopted by a life insurance company in the course of its business" would have accepted the risk and issued the policy even if it had known that the answers were false, since it is claimed that the insured abstained from the use of intoxicants for a space of something like two years following his treatment at the sanatorium. It is the evidence introduced for the purpose of sustaining the avoidance relied on by plaintiff that it is claimed on this appeal was incompetent and clearly erroneous. It consisted of the testimony of acquaintances of the insured, including plaintiff, to the effect that none of the witnesses saw or detected any drinking by him after his return from the sanatorium and before he went to Wyoming, and that during that time he appeared to be sober. A local life insurance agent, whose only connection with that business was shown to be a solicitor of policies, was introduced and allowed to give his opinion as to the materiality of the proven false answers, and to state that, according to his opinion, life insurance companies generally, and especially the defendant, whom he was permitted to state was more liberal than some of the others, would accept the application and issue the policy notwithstanding their knowledge of the falsity of the answers, in view of the fact that the insured had remained sober for the time intervening between his discharge from the sanatorium and his departure for Wyoming. It seems to us that the incompetency of that testimony is so apparent that we need take but little time or space in its discussion. None of the witnesses qualified themselves as experts in passing upon the desirability of risks by those engaged in the life insurance business, or showed a familiarity with facts and conditions entering into the determination of that question. On the contrary the

head physician of defendant and who was employed especially for the purpose with extensive experience in such matters, together with others qualified to speak upon the subject, stated emphatically that the particular risk would not have been accepted had the answers been such as to develop the facts. It no doubt would have been competent for plaintiff to prove by witnesses similarly engaged, and whose duties and experience qualified them to speak upon the subject, that insurance companies generally while "acting reasonably and naturally in the course of the life insurance business" would have accepted the risk under the circumstances, notwithstanding the possession of knowledge of the false answers, but, clearly, a witness not engaged in the business of determining such matters is wholly incompetent to give his opinion concerning them, and the court erred in admitting the testimony over defendant's objection, and should have excluded it on its motion made for that purpose. Moreover, the court over the objections of defendant admitted this testimony by the soliciting agent in Wyoming: "Q. Is it not a fact that you advised the payment of this policy, or that the agent for defendant, under whom you work, has advised its payment? A. Yes, I do think it should be paid." The witness thereby became both the court and the jury for the purpose of determining the lawsuit, and that testimony was so glaringly erroneous as to require no comment from us.

This court in a long and unbroken line of decisions has construed section 639 of our statutes in part to mean that if the representation made in an application for a policy is false and is material to the risk, it will avoid the policy whether intentionally or innocently made. In other words, the element of fraud on the part of the applicant is not necessary to render his representations material, if in fact they are so and whether or not they are material is dependent upon the fact as to whether reputable insurance companies generally in the conduct and management of their business while acting reasonably according to the usual practice among life insurance companies would have accepted the application and issued the policy sued on had it known the facts. If so the representation will be classed as immaterial, but if not so then it is regarded as material and will avoid the policy if false. One of the latest cases so holding and in which a number of others are cited is Security Life Insurance Co. v. Black, 190 Ky. 23. Another compara-

tively recent one so construing the section is that of Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, and in which a number of others are cited. In this case there was no competent evidence, as we have seen, contradicting that of defendant upon the issue as to the materiality of the representation relied on, and that being true the court should have sustained the motion by defendant for a peremptory instruction in its favor, and it is directed to do so on another trial if the motion should be made and the evidence is substantially the same as that heard upon the trial now under review.

The instruction given by the court submitting the issues of the case, and of which complaint is made, was erroneous in several particulars. It required the jury not only to believe that the representations were made and that they were false, but also that they were fraudulently made. In other words it permitted the jury to find that the representations were, perhaps, not made, or if so that they were not false, and finally, that notwithstanding the jury might find that the representations were made and that they were false, yet the instruction directed a recovery if the jury should find that the representations were *not* fraudulently made. The instruction in the particulars pointed out was in direct conflict with the cases, *supra,* in some of which it became necessary in writing the opinion to state that the proper practice in such cases was to incorporate in the instruction the questions with the answers relied on as a defense and to state to the jury that those questions and answers are contained in the application for the policy, and to follow that statement with a submission to the jury of the issue as to whether the answers were substantially untrue and whether or not the defendant acting reasonably and naturally in accordance with the usual practice among such insurance companies would not have accepted the application and issued the policy if the substantial truth had been stated and if the jury so believed it would then return a verdict for defendant. Some of the cases, *supra,* directly so hold, among which are Blenke v. Citizens National Life Ins. Co., 145 Ky. 332, and Providence Savings Life Assurance Co. v. Dees, 120 Ky. 285. Defendant offered such an instruction in this case which the court on objection by plaintiff declined to give, but which should be given if the evidence on another trial is such as to require the submission of the issue to the jury.

For the errors indicated the judgment is reversed with directions to set it aside and grant defendant a new trial followed by proceedings consistent with this opinion.