## Davis v. Henry Clay Fire Insurance Company.

(Decided November 23, 1926.)

### Appeal from Garrard Circuit Court.

1. Insurance.—Evidence in action on fire policy held sufficient to take to jury question of false and fraudulent inclusion and valuation of property in proof of loss.

2. Insurance.—In action on fire policy, evidence held not to authorize instruction on arson by plaintiff or a confederate.

3. Insurance—Tenant Failing to Extinguish Fire Held Not Owner's Agent, so as to Authorize Submission of Issue of Negligence in Suit on Policy.—Tenant occupying building burned was not owner's agent so as to render owner responsible for his failure to extinguish fire and authorize submission to jury of issue of negligence therein, in action on fire policy.

T. J. UNDERWOOD for appellant.

L. L. WALKER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Sam Davis owned a tenant house located on a public highway about one-half mile from his residence. The former was occupied by his brother Frank. On the same lot and near the tenant house he had a blacksmith shop and tools which he had purchased from Irvine Stowe and moved to that place about the 8th of August, 1921. The tenant house was insured for $400.00, the shop for $200.00 and contents for $400.00. Both buildings were destroyed by fire on the night of November —, 1921. It appears that the insurance on the house was collected but nothing was said about the shop and contents until the following February, when, upon notice, appellant sent its adjuster to inspect the premises. He was not satisfied with the claim, and later Davis filed this suit against the insurance company, which defended on the grounds: (1) Material, false and fraudulent misrepre-

sentations upon the part of the insured in his proofs of loss. (2) That the plaintiff either set fire to the building or caused it to be done by a confederate. (3) That the loss was caused by the culpable negligence of plaintiff's agents who were present at the beginning of the fire and neglected to extinguish it.

Instructions covering each of these issues were given and the jury returned a verdict for defendant. Plaintiff has filed a transcript of the record and entered motion for an appeal; his insistence being that the evidence did not authorize an instruction on any of the above issues.

Frank and his wife testify that they had killed hogs on the day of the fire and in the afternoon carried them to appellant's house to pack in the smokehouse. The meat was trimmed and Frank carried the sausage and lard home with him. After night they undertook to render lard in a six-gallon "stove boiler" and the heated lard ignited and they, frightened by the combustion, ran out of the kitchen. Frank carried some articles of furniture, but his wife fainted and he dropped the furniture and carried her until she revived and then assisted her to the residence of a neighbor 200 yards distant from the fire. He returned in a few minutes, but the flames had spread to the shop and could not be extinguished. Two or three other persons had gathered in the meantime and together they carried some things out of the shop but were unable to save much of the contents. Frank saved none of his furniture and it does not appear that he had any insurance. He and his wife are incoherent in their statements and display an unusual lack of memory as to details. The other three eye-witnesses arrived too late to be of much service and added but little to the testimony of Frank and his wife. The policy was originally issued to Stowe, the shop being valued at $300.00 and the tools at $300.00. After the sale to Davis and removal to Davis' place the policy was regularly transferred to him, the valuation being changed to $200.00 on the shop and $400.00 on the tools. There is evidence conducing to show that a short while before Davis' purchase Stowe had offered to sell the shop for $60.00 and both shop and contents for $160.00, and there is other evidence that such was its value.

The adjuster testifies that upon his visit in February, 1922, he met Sam Davis, who showed him the site of the shop; that the ground had been plowed at the time,

leaving no evidence of the fire; that Davis was unable to give him any material information; that he asked about salvage and Davis told him that it all burned up; he was skeptical as to anvils and hammers burning and Davis said most of it burned; that he put it in a ditch and covered it up and plowed over it. However, he did show him some tires and long irons for making tools of possibly $10.00 in value; that he told Davis he would have to make proof of loss, itemizing the articles destroyed and their value; that later he received a letter from Davis fixing the value of the building at $372.00. Later plaintiff made a sworn statement of his loss, which in the main corresponded to the above statements. The salvaged articles were never produced, Davis saying that he had given them away. It further appears that Davis had suffered other losses by fire of insured property about that time.

On the other hand, Davis testifies that he paid $750.00 for the shop and contents and considered it of that value; he has a very indistinct memory as to the value of the different articles comprising the salvage, though he speaks with more fluency as to the articles destroyed, and says the articles shown the adjuster were debris from Frank's residence. His statements as to value are corroborated by several witnesses, who also are somewhat confused on cross-examination.

It is stipulated in the policy:

"The entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

It may be said that there was some evidence tending to show a false and fraudulent inclusion and valuation of the property in the proof of loss, and as these representations were material the court properly submitted that issue to the jury. Live Stock Ins. Co. v. McWilliams, 173 Ky. 92; Connecticut Fire Ins. Co. v. Union Mercantile Co., 161 Ky. 719; Western Ins. Co. v. Ray, 105 Ky. 523; Security Ins. Co. v. Bronger, 6 Bush 146; 26 C. J., page 382, and cases cited.

(2)    But we do not think the evidence authorized an instruction upon. arson. As stated above, the plaintiff lived one-half of a mile from this property and is not shown to have been in the vicinity of the fire at any time during the day or night, and no complicity is shown between him and Frank, and no evidence is produced from which it could be inferred that he instructed Frank to burn it. It may be unusual for a person to render lard late at night, and Frank's conduct during the fire does not indicate a strong desire to protect the property, but it appears that he displayed the same indifference toward the destruction of his own property; at any rate this is not sufficient to base a charge of arson against Sam Davis. (3) Again, the mere fact that Frank was the plaintiff's tenant in the occupancy of the residence did not constitute him plaintiff's agent, 2 C. J. 426, nor render the plaintiff responsible for his act in failing to extinguish the fire. It follows that the court erred in submitting the last two questions to the jury.

Wherefore, the appeal is granted, judgment is reversed and cause remanded for proceedings consistent with this opinion.