## Citizens' Insurance Company v. Whitley.

(Decided Jan. 16, 1934.)

B. F. DENHAM and MYERS & SNERLY for appellant.

HEBRON LAWRENCE and J. C. CARTER, Jr., for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The Citizens' Insurance Company of New Jersey, for a paid premium of $30.60, on the 4th day of September, 1930, issued and delivered to W. S. Whitley and Sally Whitley a policy of insurance, insuring them in the sum of $500 against loss or damage by fire, between the 4th day of September, 1930, at noon, and the 4th day of September, 1935, at noon, on a barn and sheds attached, situated in Metcalf county, Ky., on their farm four miles south of Summershade. On the 7th day of January, 1932, while the policy was in effect, the barn and sheds attached were totally destroyed by fire. The insurance company denied liability. This action was brought to recover of it the face of the policy. In its answer the insurance company admitted the execution and delivery of the policy, but denied it had knowledge or information sufficient to enable it to form a belief as to the ownership of the barn and sheds, and further alleged that the policy was based upon "the valuations or representations contained in the assured's application and diagram of the even date and number of the

policy and that the representations were warranties and that it was agreed in it that if any false statements were made in the application, or otherwise; * * * then the policy should be null and void.'' It further averred that ''all the foregoing was an agreement and statement of the assured, and that the same was correct and that the assured agreed that the insurance was predicated on such statement, agreement and description and that ,same shall be deemed and taken to be promissory warranties running .during the entire life of the policy.'' It .also alleged that the assured represented the property ·unincumbered, but at that time there were in existence ·on the property covered by the application a mortgage ·of $300, one of $289, and another of $540; and that their ·''warranties and statements in said application as aforesaid to the effect that said property was not encumbered were false and untrue and known by the plaintiffs at said time to be false and untrue * * * and said statements were material to said risk and formed a part of the consideration upon the policy or contract of insurance which was issued to the plaintiff''; and that the policy ''was issued by the defendant without the knowledge that said property was in fact incumbered''; and .it did not by indorsement on the policy or otherwise ''consent to said encumbrancy,'' and ''defendant further states that by reason of said misrepresentations and breach of warranty on the part of plaintiffs, said policy· or contract of insurance never at any time became a valid, binding contract, but was void ab initio and by reason thereof plaintiffs are precluded from ·maintaining this suit.'' It further alleged that it did not know of the incumbrance on the property until its .destruction by the fire, when it tendered to the plaintiffs $16.40 the amount they had paid for the premium on the policy, with interest, and tendered to them their note for $30.60.

There is a distinction between the .defense of fraud in the procurement of a policy of insurance and a breach ·of warranties or misrepresentations of a fact material to the risk.

In a pleading seeking to avoid a policy on the ground of fraud, it is indispensable that it contain an allegation of the facts, followed by a further allegation that the same were untrue, and known to the assured at the time of making the application or thᵥ receipt of the policy to be untrue, and were made by him for the pur-

pose of deceiving the insurance company and procuring the policy thereby, and the company relying thereon was deceived into issuing the policy by such untrue facts. Where these allegations are made in the pleading and proven, the policy is regarded as obtained by fraud and is void. National Council, Knights & Ladies of Security, v. Dean, 191 Ky. 622, 231 S. W. 29; Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S. W. (2d) 990.

To avoid a policy on the ground of a breach of warranty or innocent misrepresentations of the facts material to the risk, it is essential and required to allege that, acting in accordance with the usual customs and practices of insurance companies, had it known the facts, it would not have issued the policy. Hartford Fire Ins. Co. v. Golden, 188 Ky. 742, 224 S. W. 177; Metropolitan Life Ins. Co. v. McDonald, 246 Ky. 109, 54 S. W. (2d) 625; Commonwealth Life Ins. Co. v. Goodknight's Adm'r, 212 Ky. 763, 280 S. W. 123; Etter v. National Life & Acc. Ins. Co., 228 Ky. 399, 15 S. W. (2d) 242. Section 639, Ky. Stats., provides that misrepresentations in insurance applications, unless material or fraudulent, do not prevent a recovery. Kentucky Live Stock Ins. Co. v. McWilliams, 173 Ky. 92, 190 S. W. 697. False answers to questions or false voluntary statements by insured, if material to the risk, will avoid a policy, irrespective of the insured's knowledge of their truth. Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, 172 S. W. 1090. A fact not actually known by the insured cannot be concealed, but it may be misrepresented. And a fact is material to the risk only when it is such that the insurer, acting in accordance with the usual custom and practices of insurance companies, would not have issued the policy had he known it, and failure to disclose a material fact is fraudulent when the insured knows it or an ordinarily prudent person would have known it to be material to the risk. Hartford Fire Ins. Co. v. Golden, supra; New York Life Ins. Co. v. Long, 199 Ky. 133, 250 S. W. 812.

To avoid a policy on the ground of fraudulent concealment, the facts alleged to have been concealed must be knowingly concealed. Niagara Fire Ins. Co. v. Layne, supra. Where a policy provides that the property is free from incumbrances, it is not invalidated by the failure of the insured to disclose such incumbrance, where the insurer makes no inquiry and the existence

of incumbrance was not material to the risk. Lancashire Ins. Co. v. Monroe, 101 Ky. 12, 39 S. W. 434, 19 Ky. Law Rep. 204.

With these well-established principles in mind, it may be safely said that, when the allegations of the answer of the insurance company in the present case are examined, it shows they do not measure up to the standard of these principles. A careful review of the evidence discloses a violent conflict of the testimony of the insured and the solicitor of the insurance company as to the statements between them as to the existence of the mortgages on the property covered by the policy and the statements passing between them relative thereto at the time the application was received by him. However, accepting that of the solicitor, disregarding that of the insured, it is very clear that it falls short of bringing the defense, as presented in the answer, within the rules supra. The reading of his testimony in connection with the necessary allegations setting up a defense of fraud clearly shows that his testimony fails to establish fraud within those principles. He did not qualify himself as a witness as to the general customs and practice of other insurance companies. He did not qualify himself as a witness to testify what insurance companies generally would or would not have accepted the application for insurance and issued a policy thereon if they had known of the existence of the mortgage on the property. New York Life Ins. Co. v. Long, 199 Ky. 133, 250 S. W. 812; Etter v. National Life & Acc. Ins. Co., 228 Ky. 399, 15 S. W. (2d) 242.

Accepting the testimony in behalf of the company in its most favorable light, and waiving the insufficiency of the answer, the evidence to sustain the same is no stronger than the allegations of the pleading. Thus the Whitleys under the pleadings and the evidence were entitled to peremptory instruction instead of those given by the court. Therefore those given, however erroneous, were not prejudicial to the substantial rights of the company.

The evidence admitted as to the knowledge received by the agent some 8 months after the application was accepted and the policy issued was incompetent and improperly admitted. The solicitor of the company in the transaction in which it is claimed he received information of the existence of mortgages some 8 months

after the policy was delivered was not acting for the company at the time, and therefore notice to him in the circumstances was not notice to the company. The evidence as to the notice so received by the agent was incompetent, and the instruction predicated thereon was erroneous, but not prejudicial, since the Whitleys were at the time entitled to a peremptory instruction under the pleadings and the evidence.

Therefore the judgment is affirmed.